IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 14-cv-03000-CMA-MJW

JACOB DANIEL OAKLEY,

Plaintiff,

v.

RICH RAEMISCH,

Defendant.

---

## REPORT & RECOMMENDATION ON DFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) & (b)(6) (Docket No. 29)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff is an inmate, suing under 42 U.S.C. § 1983.  He alleges that the manner in which the Colorado Department of Corrections ("CDOC") withholds money from his inmate account in order to pay his debts is unconstitutional under the Equal Protection and Due Process clauses of the Fourteenth Amendment.

Defendant moves to dismiss on a variety of theories, and District Judge Christine M. Arguello referred the motion to the undersigned.  The Court has reviewed the parties' filings (Docket Nos. 29, 41, & 48); taken judicial notice of the Court's entire file in this case; and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court recommends that Defendant's motion be granted in part and denied in part.

2

## **Allegations**

Plaintiff alleges that before 2006 or 2007, prison policy was to garnish up to 20% of deposits into an inmate's account to pay court-ordered debts (for example, filing fees, criminal restitution, child support, and the like) and up to 20% further to pay debts owed by the inmate to the prison (for example, fines under the prison disciplinary code, or restitution for destroying prison property).  (Docket No. 1, p.4.)  In 2006 or 2007, the policy changed to allow up to 80% of deposits into an account to be garnished for prison debts—so that, when combined with court debts, the entire deposit might be withheld. (*Id.*)  Plaintiff further alleges that inmates "have no recourse, no remedy, and no relief available to challenge the amount taken as all discretion and authority have been taken away from all under the executive director."  (*Id.* at 5.)

Plaintiff further alleges that some inmates are spared from these rules.  An inmate Plaintiff met in the San Carlo Correctional Facility, named Fredrickson, is subjected only to 40% garnishment in total (20% to a court and 20% to prison debts). (*Id.* at 6.)  The same can be said for two other inmates, named Francisco and Baskerville.  (*Id.*)  These individuals owe a variety of debts, just as Plaintiff does, but unlike Plaintiff they see only 40% of the deposits into their accounts garnished.  (*Id.*) Allegedly, these inmates had, at some point in the past, been subjected to harsher treatment—but asked for relief and received it.  (*Id.* at 7.)  Plaintiff asked for the same relief and did not receive it.  (*Id.*)  According to Plaintiff, he and these other prisoners are similar in all material respects.  (*Id.*)

3

Plaintiff asserts three claims.  First, he claims that he is treated differently than similarly situated inmates for arbitrary and illegitimate reasons, in violation of the Equal Protection Clause.  (*Id.* at 10–12.)  Second, he claims that inmates who owe prison debts are treated more harshly than those who owe only court debts, even if those other inmates owe more than one court-ordered debt (for example, restitution in more than one criminal case, or restitution in addition to child support)—a distinction that Plaintiff says serves no legitimate penological interest and therefore violates the Equal Protection Clause.  (*Id.* at 13–16.)  Finally, Plaintiff claims that the prison's process for depriving him of funds deposited into his inmate account falls below the minimum requirements of the Due Process Clause.  (*Id.* at 17–24.)  Plaintiff seeks injunctive relief in addition to compensatory and punitive damages.

## **Legal Standards**

Judge Arguello recently stated the applicable standards:

The legal standard governing a Rule 12(b)(1) motion to dismiss is as follows:

Generally, Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction take two forms.  First, a facial attack on the complaint's allegations as to subject-matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject-matter jurisdiction depends.  When reviewing a factual attack on subject-matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).  In such

instances, a court's reference to evidence outside the
pleadings does not convert the motion to a Rule 56 motion.

It is Plaintiff's burden to demonstrate that the Court has subject-matter
jurisdiction over his complaint.

When reviewing a Rule 12(b)(6) motion to dismiss for failure to
state a claim, the Court accepts all the well-pleaded allegations of the
complaint as true and construes them in the light most favorable to the
plaintiff.  The Court must decide whether the complaint contains enough
facts to state a claim to relief that is plausible on its face.  The plausibility
standard is not akin to a probability requirement, but it asks for more than
a sheer possibility that the alleged claim might have occurred.  In
evaluating the plausibility of a given claim, the Court need not accept
conclusory allegations without supporting factual averments.  The tenet
that a court must accept as true all of the allegations contained in a
complaint is inapplicable to legal conclusions.  Threadbare recitals of the
elements of a cause of action, supported by mere conclusory statements,
do not suffice.

The Court must construe the pleadings of a pro se litigant liberally,
as they are held to a less stringent standard than formal pleadings drafted
by lawyers.  Therefore, dismissal of a pro se complaint for failure to state a
claim is proper only where it is obvious that the plaintiff cannot prevail on
the facts he has alleged and it would be futile to give an opportunity to
amend.  However, the Court should not be the pro se litigant's advocate,
nor should the Court supply additional factual allegations to round out the
pro se litigant's complaint or construct a legal theory on his or her behalf.

*Lessard v. Cravitz*, 2015 WL 8478443, at *1-2 (D. Colo. Dec. 10, 2015) (internal

citations, quotation marks, and alterations omitted).

## Discussion

Defendant argues that:

1.  The Complaint is barred by the statute of limitations;

2.  Defendant is immune from liability for damages, insofar as he is sued in his

    official capacity;

3.  The Complaint fails to state an Equal Protection claim because it does not plausibly plead discriminatory impact;

4.  The Complaint fails to state a Due Process claim because Plaintiff has no protected property interest in the funds in his inmate account, and further fails to state a claim because the state provides sufficient post-deprivation process;

5.  The Complaint is barred by res judicata;

6.  The Complaint fails to allege personal participation by Defendant; and

7.  Defendant is entitled to qualified immunity on all claims.

The Court will discuss these arguments in the order presented by Defendant.

## I.   <u>Statute of Limitations</u>

As an affirmative defense, the statute of limitations can be raised on a motion to dismiss only if the complaint itself plainly establishes the defense. *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1311 n.3 (10th Cir.1999) ("Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period"), *overruled on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

Without citing any law, the government argues that Plaintiff's claim accrued in 2006 or 2007, when the applicable prison regulation was changed. But Due Process claims accrue when the property at issue is deemed forfeited. *Kripp v. Luton*, 466 F.3d 1171, 1176–77 (10th Cir. 2006). In this context, Plaintiff's claim accrued when the restitution order was entered, imposing garnishments upon his account. *Loard v.*

6

*Sorenson*, 561 F. App'x 703 (10th Cir. 2014).  Plaintiff's Complaint does not state the

specific dates on which restitution orders were entered against him; accordingly, the

Complaint does not, on its face, establish the statute of limitations.  The Court

recommends that the motion be denied as to this argument.

## II.    <u>Sovereign Immunity</u>

Defendant is correct that Plaintiff cannot sue for damages from Defendant in his

official capacity.  *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012).  But Plaintiff

states that he does not sue Defendant in his official capacity for purposes of damages;

rather, Defendant is sued in his official capacity for purposes of injunctive relief, and in

his individual capacity for purposes of damages.  (Docket No. 41, p.14.)  Accordingly,

the Court recommends that Defendant's motion be denied as moot, as to this argument.

## III.    <u>Equal Protection</u>

Plaintiff's first Equal Protection claim is a "class of one" claim.  The

"paradigmatic" class-of-one case arises when "a public official inflicts a cost or burden

on one person without imposing it on those who are similarly situated in material

respects, and does so without any conceivable basis other than a wholly illegitimate

motive."  *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1209 (10th Cir.

2006).  A claim fails if there is "either a rational basis for the [challenged] treatment" or

"a material difference" between the plaintiff and others who were allegedly similarly

situated.  *Id.* at 1210.

Defendant argues that Plaintiff has not plausibly alleged the existence of others

who are similarly situated in all material respects.  As support, Defendant points out that

the other inmates are alleged to owe different types of debts than Plaintiff owes.  But as alleged by Plaintiff, all debts fall into one of two categories—court debts or prison debts—and each of these other individuals are alleged to owe both types of debts, just as Plaintiff does.  Defendant does not explain why it might make a material difference if, for example, one inmate's court debts are child support while another's are court fees; garnishments for both are, allegedly, capped at 20%.  Likewise, Defendant does not explain why it might make a material difference if the inmates' prison debts arise for different reasons—if the debts are treated as one category for purposes of garnishment, all that matters is that each of these individuals has debts in that category.  Plaintiff has alleged that both he and each of these others have debts in each of the two categories, and that no other characteristics about them are material *in this specific context*.[1]  He has further alleged that all of his funds are garnished upon deposit, but only 40% of these others inmates' funds.  This is sufficient, at the Rule 12(b)(6) stage, to state a claim under the Equal Protection Clause.  The Court recommends that Defendant's motion be denied as to this argument.

Plaintiff's second Equal Protection claim is not a "class of one" claim.  It argues, instead, that *all* inmates subject to garnishment for both prison debts and court debts

---

[1] Defendant makes much of the Tenth Circuit's language, in *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994), that a plaintiff's allegations of similarity in all material respects was "clearly baseless," arguing that this language establishes a nearly-impossible pleading standard for inmates pursuing class-of-one claims.  That language, however, is unique to offender-classification challenges, where the government has wide discretion to consider any number of characteristics in determining an inmate's risk profile.  That language does not apply in other contexts.  In *Fogle v. Pierson*, 435 F.3d 1252, 1260–61 (10th Cir. 2006), for example, the Tenth Circuit applied the *Templeman* language *only* to Plaintiff's class-of-one challenges to his ad-seg classification—and *not* to Plaintiff's class-of-one challenge to other aspects of his treatment while in ad-seg.

are constitutionally harmed because there is no rational penological basis for treating

them more harshly than inmates who owe multiple court debts.  Because this

classification implicates neither a protected class nor a fundamental right, it need only

bear a rational relationship to a legitimate state purpose to survive scrutiny.  *Fogle v.*

*Pierson*, 435 F.3d 1252, 1260–61 (10th Cir. 2006); *Penrod v. Zavaras*, 94 F.3d 1399,

1406 (10th Cir. 1996) (per curiam).  Plaintiff argues that the garnishment system is

irrational insofar as it gives the prison an advantage as a creditor, vis-à-vis creditors on

court-ordered debts like child support and criminal restitution.  The Court disagrees;

Plaintiff may believe that advantage to be bad public policy, but it is nonetheless

rationally related to legitimate penological interests.  The Court agrees that Plaintiff has

not stated an Equal Protection claim under this theory, and recommends that

Defendant's motion be granted insofar as it seeks to dismiss Count Two.

## IV.    Due Process

The Court "examine[s] procedural due process questions in two steps: the first

asks whether there exists a liberty or property interest which has been interfered with by

the [government]; the second examines whether the procedures attendant upon that

deprivation were constitutionally sufficient."  *Kentucky Dep't of Corr. v. Thompson*, 490

U.S. 454, 460 (1989) (internal citations omitted).  Defendant argues that Plaintiff has not

pleaded either element.

The Court need not consider whether a protected interest is at issue because,

either way, Colorado provides adequate post-deprivation remedies.  Notwithstanding

Plaintiff's conclusory allegations that no remedies are available, Colorado Rule of Civil

9

Procedure 106 provides an avenue for him to challenge these deprivations—and this Court has already ruled that such proceedings are constitutionally adequate in the specific context of garnishments from inmate accounts. *Stanley v. McMillian*, No. 12-CV-02944-PAB-CBS, 2014 WL 788059, at *2 (D. Colo. Feb. 26, 2014), *aff'd*, 594 F. App'x 478 (10th Cir. 2014). Accordingly, the Court recommends that Defendant's motion be granted insofar as it seeks to dismiss Count Three.

## V.    Res Judicata

Next, Defendant argues that this case is barred by claim preclusion (not issue preclusion) because Plaintiff has sued over funds in his inmate account in the past. *See Oakley v. Zavares*, No. 09-cv-01991-WYD-KMT, 2011 WL 198405 (D. Colo. Jan. 20, 2011). "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). "Under claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014) (internal quotation marks omitted).

This argument fails for the same reason Defendant's statute-of-limitations argument fails: nothing in the Complaint specifically establishes which restitution order Plaintiff seeks to challenge, and Defendant did not submit any judicially noticeable documentation that would establish this fact. As with the statute of limitations, Defendant will have to establish this affirmative defense on summary judgment.

10

**VI.**   **Personal Participation**

Defendant is the executive director of the Department of Corrections, and he next argues that all claims against him should be dismissed because the Complaint fails to allege his personal participation.  *See Olsen v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).  As to Count One—the only claim the Court recommends should move forward— the Court agrees.  Plaintiff's claim in Count One is premised not on the promulgated policy itself, but on the arbitrary and unequal way in which the policy is applied to similarly situated inmates.  There is no allegation in the Complaint that Defendant has anything to do with that frontline treatment.  Rather, Plaintiff alleges only that he notified Defendant via letter and that Defendant failed to intervene.  A supervisor does not personally participate in a matter simply by being notified about it.  *See, e.g.*, *Davis v. Arkansas Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) (in deliberate-indifference context, defendant warden was not implicated merely because plaintiff copied him on letters outlining complaints).

Accordingly, Defendant is not subject to liability under § 1983.  That said, the proper defendant for injunctive relief is any defendant with the ability to effectuate the relief requested—such as a warden or, presumably, Defendant.  *See, e.g.*, *Goines v. Pugh*, 152 F. App'x 750, 753 (10th Cir. 2005); *Laratta v. Zavaras*, No. 09-cv-02498-REB-MEH, 2010 WL 3720116, at *8 (D. Colo. June 14, 2010).  Accordingly, the Court recommends that the motion be granted as to damages, based on this argument, but denied as to injunctive relief.

**VII.**   **Qualified Immunity**

Finally, to the extent any claims survive the foregoing analysis, Defendant argues that he is entitled to qualified immunity.  Qualified immunity has no application to injunctive relief, however, and this argument is therefore moot in light of the foregoing recommendations.

**Recommendation**

It is RECOMMENDED that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & (b)(6) (Docket No. 29) be DENIED IN PART and GRANTED IN PART, as follows.  The Court recommends that:

- Count One be dismissed insofar as it seeks compensatory or punitive damages, based on the lack of personal participation by Defendant, but that it go forward insofar as it seeks injunctive relief; and

- Counts Two and Three be dismissed for failure to state a claim.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:       February 2, 2016                */s/ Michael J. Watanabe*
                 Denver, Colorado              Michael J. Watanabe
                                                        United States Magistrate Judge